Curia, per

Frost, J.
The grounds of appeal, except the first, present objections to the recovery against the defendant, proper for the consideration of the jury, which, in the opinion of the court, have been concluded by the verdict. The first presents the question of law, whether, in a special action on the case, in assumpsit on a warranty of soundness, interest .is recoverable, eo nomine.
It is necessary to the allowance and estimate of interest, *596 to ascertain the sum due and the lime when payable. Accordingly, all engagements or acknowledgments in writing, expressing the sum due and the time of payment, have been recognized as liquidated demands, and on them it has been permitted to recover interest by way of damages. Interest has also been allowed on liabilities to pay money, tho’ not in writing, if the sum is certain or capable of being reduced to a certainty, from the time when, either by the agreement of the parties or the construction of law, the payment was demandable. As in cases of money had and received, paid for the use of another, or by mistake, or on an account stated; and on open accounts by express agreement ; and when, by the course of dealing between the parties or the usage of trade, such agreements may be inferred. The time of payment must also be determined, either by the agreement of the parties, the course of dealing between them, by known custom, or the usage of trade. Thus, open accounts do not bear interest, tho’ the sum is certain, because by custom the credit is indefinite. But if there be an agreement, expressed or implied, it is allowed accordingly. It is not recoverable on a quantum meriut, for work and labor, nor quantum valebat, for goods sold, nor on a verbal contract to pay a certain sum for rendering a service, 1 Hill, 393; nor on a due bill, payable on demand, though expressed to be for a loan of money, on the day of the date, except from the time of demand, 2 Bail. 276 ; nor on a balance of a factor’s account, due to his employer, except from the time of demand. 1 Hill, 400. Other cases might be adduced to shew that the general rule is to allow interest, eo nomine, only on money demands certain or capable of being reduced to a certainty, and payable at a definite time,, either expressly or impliedly. There may be some exceptions to the rule, and its application has been extended by construction of law. Thus, on a breach of warranty, if the contract be rescinded by a tender of the property to the seller, indebitatus assumpsit will lie for the price paid, as money had and received by the vendor to the use of the vendee, and interest may be recovered. And in covenant on a warranty of title, interest may be found, in addition to the value, for a total or partial eviction. *597 These cases proceed on the ground of a rescisión of contract, and restitution to the plaintiff of the price paid.
But a special assumpsit on a warranty of soundness for damages is subject to the rule governing actions sounding in damages, that interest is not recoverable eo nomine. In Holmes vs. Misroom, 1 Tread. 21, which was a special assumpsit, the law is thus affirmed by Nott, J. “This was a special action on the case, sounding altogether in damages, and therefore could not carry interest. I think the jury might have made the value of the property and interest thereon the measure of damages, and found a verdict for the aggregate amount, but no law has been introduced to shew that they could give interest eo nomine in an action of this sort.” Colcock, Brevard and Grimke, J’s. concurred. This case has never been overruled, tho’ Nott, J. in Blackwood vs. Leman, Harp. 220, and in Baldrick vs. Ryan, 3 McC. 504, questioned its propriety. In neither case was the principal involved. The first was an assumpsit to recover the difference in amount of two auction sales, against a purchaser who had failed to comply with the terms of the first sale, in which a verdict for the amount with interest was supported on the ground of a liquidated demand. And in the second, interest was allowed on the value of 1200 lbs. of cotton, the stipulated compensation for a year’s employment of an overseen Both cases are within the principle affirmed in this case. In the last of them, Nott, J. in argument, remarks — “why may not interest be allowed by the name of interest, as we!l as by' way of damages 'l Every action of assumpsit is an action for damages for breach of a contract. Interest is always given by way of damages; and yet on bills, notes and money had and recieved, it may be given under the name of interest; and I can see no reason why it may not be given in every case of a contract for the delivery of property or the payment of money, whether express or implied.” Other dicta may be found qualifying or disapproving the case of Holmes vs. Misroom. It must be observed that the remarks of Nott, J. are limited to cases of contract for the delivery of property or payment oí money, and may consist with the principle of this case.
*598 To the argument, if interest may be allowed in the aggregate damages found by a verdict, why may it not be allowed eo nomine ? The rely is, the law does not inquire into the particulars of a verdict for damages, and in some cases interest furnishes a just and convenient measure for the jury. But it is a stated compensation for the use of money, and as it cannot be separated, even in idea, from debt, seems not properly incident to uncertain and contingent damages. The distinction is admitted to be one of form, depending on the form and cause of action. It is necessary and obligatory by law, to maintain the forms of action, with the distinctive rules which govern them. If this argument is not allowed to be decisive, there is no reason why assumpsit should not be brought on a sealed instrument, or one form of action serve alike for all contracts as well as torts. Besides, in actions sounding in damages, the liability, amount and time, necessary incidents for the allowance of interest, are not ascertained and determined until the verdict is rendered. Interest being stated damages on pecuniary liabilities, to find a sum with interest in an action sounding in damages, is to allow damages on damages, which is an incongruity. If reason is to settle the question, the rule will be extended beyond special assumpsit, for there is no better reason to allow interst on damages in special assumpsit, for fraud, imposition, or tortious breach of contract, than may be urged for its allowance on damages in trespass for assault and battery.
The motion for a new trial is granted, unless the plaintiff release the interest.
Richardson, Butler arid Wardlaw, JJ. concurred.
O’Neall and Evans, JJ. dissented.