9009

WAKEFIELD v. SPOON.

(84 S. E. 418.)

APPEAL AND ERROR. PRINCIPAL AND AGENT. EVIDENCE. ACCOUNT
STATED.

1. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS ADMISSION OF
EVIDENCE.—In an action for the price of fertilizers sold by plaintiff
to defendant, who relied on the defense that he sold as agent of
plaintiff for a commission, error in admitting in evidence a contract
between plaintiff and a company offered to prove a fact negatived
by the contract was not prejudicial to defendant.

2. PRINCIPAL AND AGENT—EVIDENCE OF AGENCY—ADMISSIBILITY.—A note given by a third person to the company for fertilizers sold the third person by defendant, and the payment thereof by the third person's check to defendant, could be considered in determining the issue of agency set up as a defense to the action for the price.

3. EVIDENCE—SELF-SERVING DECLARATIONS—ADMISSIBILITY.—A note and mortgage given by a third person to plaintiff for fertilizers sold the third person by defendant were inadmissible in favor of defendant as declarations by him that plaintiff owned the fertilizers.

4. APPEAL AND ERROR—HARMLESS ERROR.—Error in allowing an incompetent question not answered by the witness is not prejudicial.

5. INTEREST—GOODS SOLD—"ACCOUNT STATED."—Under Civil Code 1912, Section 2516, allowing interest in cases of account stated, and in cases wherein any sum shall be ascertained to be due, a seller suing for the price of goods cannot recover interest, where the goods were sold at different times, and payments made on separate days, and the buyer never acknowledged any statement of account to be true or due; the essence of an "account stated" being that an account is actually stated, and that the parties thereto agree expressly or impliedly that it is a true statement, and is due or will be due at some future time.

Before WILSON, J., Anderson, March, 1914. Conditionally affirmed.

Action by T. T. Wakefield against P. E. Spoon. From a judgment for plaintiff, defendant appeals.

The exceptions are as follows:

Because it was error in the Court to overrule the motion of the defendant for a new trial which was made on the grounds: (a) That the contract between the plaintiff and the Anderson Oil & Phosphate Company was allowed in evidence over the objection of the defendant; (b) because the letters of the plaintiff to the defendant, introduced by the ·defendant, showed clearly that the defendant was an agent of the plaintiff for the distribution of fertilizer at Iva; (c) and on the further ground that the interest

FOOTNOTE.—As to what constitutes an "account stated," see notes 27 I,. R. A. 811 and 45 L. R. A. (N. S.) 534 to 538. Interest on account stated, see 23 L. R. A. (N. S.) 789.

included in the verdict in favor of the plaintiff was unlaw-ful; there being no agreement in writing to pay any interest, and the plaintiff's complaint showing that he had sued on an open account unliquidated.

(2) Because the testimony, including the admissions of the plaintiff, shows clearly that this defendant had accounted to the plaintiff for all of the fertilizers he had sold as agent.

(3) Because the testimony of the plaintiff shows that the defendant had paid him everything he owed him for fertilizers, either as agent or individual.

(4) It is respectfully submitted that it was error in the Court to allow the note made by E. H. Simpson to Anderson Phosphate & Oil Company to be introduced in evidence in this case over the objection of the defendant, as the same was not relevant to the issues.

(5) It is respectfully submitted that the Court was in error in allowing the witness, Mr. Vandiver, to answer the question, "When under this contract you take notes of the customers to—we will say—Mr. Wakefield or Mr. Spoon that will release him from his liability to you?" the defendant having objected to this question.

(6) Because the testimony, both of the plaintiff and the defendant, shows that the plaintiff received $144 on the 21st of December, for which he did not give the defendant credit, and it is respectfully submitted that the defendant is entitled to credit for that amount.

(7) Because the testimony, both of the plaintiff and the defendant, shows that the plaintiff failed to give the defendant credit for $1,494.91, as shown by the checks introduced in evidence, payable to the plaintiff and indorsed by him.

(8) Because it was error in the Court to refuse to admit in evidence the note and mortgage of L. F. Sherard to T. T. Wakefield, taken by this defendant to secure the payment of a note for fertilizer to the said Wakefield, as it is

respectfully submitted that this was a circumstance competent to show the agency of the defendant.

(9) Because the Court erred in allowing the testimony of E. H. Simpson and the introduction in evidence of Exhibit F, the note of the witness made to the Anderson Oil & Phosphate Company, as the same had nothing to do with the issues between the plaintiff and the defendant.

*Mr. A. H. Dagnall,* for appellant, cites: *As to interest:* 98 S. C. 314; 30 S. C. 183.

*Messrs. Bonham, Watkins & Allen,* for respondent, submit: *Issue for jury:* 79 S. C. 383. *Admission of irrelevant testimony harmless:* 98 S. C. 127; 65 S. C. 26; 98 S. C. 291; 1 Elliott Ev., secs. 147, 148. *Interest:* 2 Speer. 594; 34 S. C. 518; 2 Speer 33.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

When this cause was tried on Circuit, the late and lamented Julius E. Boggs appeared for the defendant. In this Court the appearance is by Mr. Dagnall; and that gentleman asked for a serious consideration of the cause because of Mr. Boggs' illness at the trial.

The action is for the purchase price, and interest thereon, of commercial fertilizers, alleged to have been sold by plaintiff to defendant during the years 1909 and 1910, and on an alleged promise by defendant to pay therefor on the 1st of November of each of the said years. The defendant denied that he had bought fertilizers, but that he sold them to farmers for the plaintiff for a commission on the price. He further alleged that he had fully accounted with plaintiff, and he owed him nothing. The jury found for the plaintiff $1,688.81 principal, and $442.23 interest thereon.

The defendant appeals, and has made nine exceptions. Let them be reported. They shall not be considered in order, and some of them not at all. We shall follow the argument of Mr. Dagnall.

The major issue of fact below was the character of the contract betwixt the parties: Was it that of vendor and vendee, or was it that of principal and agent? The jury found the fact for the plaintiff, and that concludes the issue, unless the jury was furnished incompetent and hurtful testimony, or was denied competent and helpful testimony. The appellant charges by exception that such testimony was admitted, and such testimony was denied.

The argument at bar stressed the illegal admission of the contract betwixt the plaintiff and the Anderson Phosphate & Oil Company. That contract was plainly incompetent as *res inter alios acta.* But it was admitted by the Court to show, by its terms, that when the products of the Anderson Company were sold by anybody on a credit, and notes were made therefor (as in the case at bar), such notes of any purchaser should name therein as payee the Anderson Company. And the inference to be drawn from that practice was that the simple naming of the Anderson Company as payee did not constitute that company as the real party in interest, and did not negative the plaintiff's contention that he, as principal and owner and vendor, sold outright the fertilizers to the defendant as vendee.

An inspection of the contract shows that there was no such provision in it which requires the name of the Anderson Company to be inserted in all notes as payee. The contract, therefore, did not show the fact it was introduced to show; it inferentially showed the contrary, and was therefore not hurtful to the defendant.

There was another objected paper offered in evidence, in reply by the plaintiff. It was a note by Simpson to the Anderson Company for fertilizers sold Simpson by defend-

ant, and the payment thereof by Simpson's check to Spoon. The Court considered that as a circumstance to show that, although the note was payable to the Anderson Company, Spoon treated it as his own, and accepted payment of it. The evidence was competent; its relevancy was only remote; and the judgment of the Court thereabout will not be disturbed.

There was another paper offered by defendant and ruled out as incompetent; it was a note and mortgage of Sherard to plaintiff for fertilizers sold Sherard by Spoon. At most that was only a declaration by Spoon that Wakefield, and not Spoon, owned the fertilizers, and it was therefore incompetent.

There was put to Vandiver, by plaintiff's counsel, a question deemed incompetent by the defendant's counsel. It may have been, but the witness did not answer the question. Reference to the question is made in the fifth exception. All the other exceptions, except a part of the first, next to be considered, refer to matters of fact; and they were not pressed by Mr. Dagnall.

There remains yet to be considered the only question of importance in the case. The Court charged the jury:

"So your verdict will be either we find for the plaintiff so many dollars * * * and, if you find interest, make the calculations," etc.

The appellant contends that interest was not allowable on the principal amount, and the charge was equivalent to a contrary instruction. The contention is sound. It is true the allegation of the complaint is:

"That the accounts became due and payable on or before the 1st day of November, 1909, and the 1st day of November, 1910, respectively."

But there is no testimony tending to prove that allegation. The obligation to pay was not evidenced by writing. Thereabout the plaintiff testified:

"I never have got him that far along. Q. Why didn't you have him to give you his note? A. I never have gotten him that near a settlement, sir."

The statute declares what sums of money shall draw interest. Code, sec. 2516. Before that enactment there was much contrariety of opinion about when interest is allowable. The statute does not embrace in its terms a transaction like this. The sum of money here was not "ascertained" by plaintiff's own testimony; nor is this an "account stated." The fertilizers were sold and delivered at separate days. There were many payments made by defendant on separate days. There is no evidence that the defendant acknowledged any statement of the account to be true, and to be then due. There is no testimony that the defendant was furnished with a copy of the account before the action was begun. The essence of an account stated is: (1) That the account be actually stated; and (2) that the parties thereto shall agree expressly or impliedly that it is a true statement, and is due to be paid, then or at some other specified time.

In the case at bar the plaintiff testified, "I have tried again and again to get a settlement out of him." There is no testimony that the defendant ever expressly or impliedly agreed that he was at any specified time due and owing the defendant any specified sum of money.

We are, therefore, of the opinion that the Court should have charged the jury that the interest was not allowable. The sum of $442.23, which the jury found as interest, must, therefore, be remitted, on the record by the plaintiff, within 20 days after the filing of this opinion, else there shall be a new trial.

It is so ordered.