10348

BURRISS *ET AL.* v. BURRISS *ET AL.*

(101 S. E. 863).

INTEREST—ALLOWED FROM TIME ACCOUNT WAS STATED.—Under Civ. Code 1912, sec. 2516, allowing interest in cases of accounts stated, and in cases wherein any sum shall be ascertained to be due, where there was no settlement or account stated between a creditor and a debtor estate during the year in which a balance was due, the creditor estate is entitled to interest only from the date when the account was stated, and not from the date of the transaction giving rise to the indebtedness.

Before GARY, J., Anderson, Summer term, 1919. Affirmed.

Action on agreed statement of facts by J. Boyce Burriss and another, as executors of the estate of William Burriss, deceased, against Mrs. Carrie Earle Burriss and others, as executors of the estate of R. M. Burriss, deceased. From the judgment, plaintiffs appeal.

*Mr. J. K. Hood,* for appellants, submits: *That plaintiffs were entitled to interest on the sum of twenty-one hundred and seventeen ($2,117) dollars admitted to be due on May 31, 1913:* 49 S. C. 449.

*Messrs. Watkins & Prince,* for respondents, submit: *That in such a case of accounting where plaintiff's demand is unascertained and unliquidated the balance found to be due on the account bears interest only from when the balance is ascertained or agreed to:* 100 S. C. 100. *The statute declares what sums of money shall draw interest and this case does not come within its terms:* Civil Code, vol. I, sec. 2516; 30 S. C. 305; 47 S. C. 176-186; 32 S. C. 57.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

On the following agreed statement of facts, this case was submitted to Judge Frank B. Gary:

"It is hereby admitted that the estate of R. M. Burriss is indebted to the estate of William Burriss in the sum of $2,117 growing out of the transaction as set forth in the complaint herein, and that the aforesaid sum was due by the estate of R. M. Burriss to the estate of William Burriss on May 31, 1913, when the storeroom which was jointly owned by the estate of William Burriss and the estate of R. M. Burriss was sold; and in that connection the following question is hereby submitted to the Court for determination: Is the estate of R. M. Burriss liable to the estate of William Burriss for interest on the aforesaid sum from the date of the sale of the storeroom as aforesaid until payment of the sum so admitted to be due?

"It is agreed by the parties hereto that there had been no settlement or account stated between the estate of William Burriss and R. M. Burriss during the period embraced in the years in which the above balance is ascertained to be due, the last settlement between them having been made about May of 1904, and the said R. M. Burriss having died in November, 1911.

"It is hereby admitted that, if it is adjudged that interest is chargeable on said amount, interest shall be at 7 per cent. per annum, computed on simple interest basis to date of judgment.

"Plaintiffs shall have judgment for the aforesaid sum of $2,117, with or without interest, as may be adjudged by the Court, together with costs. (Signed) Jno. K. Hood, Plaintiff's Attorney. (Signed) Watkins & Prince, Defendant's Attorneys. June 10, 1919."

His Honor declined to allow interest, except from the 19th of June, 1919, when the account was stated. From this decision this appeal is taken:

The case of *Wakefield v. Spoon*, 100 S. C. 100, 84 S. E. 418, fully sustains the trial Judge.

The judgment is affirmed.