## 11502

### MEREDITH v. FRETWELL

(122 S. E., 767)

1. ACCOUNT STATED—DEFENDANT'S STATEMENT HELD ACCOUNT STATED. —Statement furnished by defendant *held* an account stated.

2. ACCOUNT STATED—EVIDENCE HELD TO SUPPORT REFUSAL TO DIRECT VERDICT FOR DEFENDANT.—In an action by assignee of an account stated, evidence *held* to support a refusal to direct a verdict for defendant.

3. APPEAL AND ERROR—APPELLANT CANNOT COMPLAIN OF CHARGE ENTIRELY FAVORABLE TO HIM.—Appellant cannot complain of a charge entirely favorable to him.

4. APPEAL AND ERROR—JURY HELD NOT MISLED BY REFERENCE TO ACCOUNT INSTEAD OF ACCOUNT STATED.—Where the issue was to an account stated, *held* that jury was not misled by Court's reference to an "account" instead of an "account stated."

Before WILSON, J., Anderson, July, 1921.   Affirmed.

Action by G. J. Meredith against J. J. Fretwell.   Judgment for plaintiff, and defendant appeals.

. *Messrs. Dickson & Miller,* for appellant, cite:   *Account stated:* 100 S. C., 106; 1 R. C. L., 211; 59 N. W., 888; 93 N. W., 204; 1 C. J., 688–98–700.   *Statement not being in form negotiable:* 100 S. C., 455; 49 S. C., 469.   *Jury should follow instructions:* 74 S. C., 231; 68 S. C., 523.

*Messrs. M. C. Long, Shelor & Hughes, Bonham & Allen,* for respondent, cite:   *Account stated:* 2 S. C., 105; 100 S. C., 100; 117 S. E., 667; 1 Cyc., 364 "B", Sub. Div. "C"; 1 R. C. L., 207; 1 Words & Phrases, 93.   *Not error to submit question to jury on question of account:* 121 S. E., 198.

May 20, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Several transactions are referred to in this case that lead to confusion of the one issue in the case.   The appellant, Fretwell, sold a tract of land containing 63.3 acres to one J. M. Smith.   Fretwell and Smith agreed that Smith would reconvey the land to Fretwell.   Fretwell held security on the land for unpaid portion of the purchase money.   In this reconveyance Fretwell agreed to make a payment in money to Smith.   Smith agreed to buy nine acres of land from the respondent, Meredith.   Smith, in carrying out his contract with Meredith, needed cash and went to Fretwell's office to get a statement of his account with Fretwell.   Fretwell was not in his office, but he had an agent there named Griffin.   The testimony shows that when Fretwell was on the stand he said:

"Q. Is this statement here made out by Mr. Griffin correct or not?   Q. Did he have authority to make out that statement?   A. I don't say it is correct or not.   He has authority to attend to my business, and he does it."

Griffin was the authorized agent of Fretwell in the matter and Griffin's statement was Fretwell's statement. The following is the statement that Griffin furnished to Smith:

Office of J. J. Fretwell, Dealer in Real Estate. Buys and
  Sells Mortgages on Real Estate. Anderson, S. C.

Statement of Note of J. M. Smith to J. J. Fretwell.

| | | |
|---|---|---|
| Face of note on March 31, 1919.......$4,318.71 | | |
| Interest on same to October 27, 1919... 148.95 | | |
| | $4,467.66 | |
| Credit by sale of 63.3 acres of land at | | |
| $100 ....................... | | $6,330.00 |
| Paid on October 27, 1919............ | 212.37 | |
| | $4,255.29 | |
| Interest on same to November 29, 1919 | 22.70 | |
| | $4,277.99 | |
| November 29, 1919, paid ........... | 500.00 | |
| | $3,777.99 | |
| Interest on same to November 29, 1920 | 226.67 | |
| | $4,004.66 | |
| Interest on same to January 1, 1921.... | 20.69 | |
| | $4,025.35 | |
| Less amount due on note........... | | 4,025.35 |
| Balance due J. M. Smith, January 1, | | |
| 1921 ...................... | | $2,304.65 |

Smith then assigned this account to Meredith, in part payment for the nine acres he purchased from Meredith.

"I have this day assigned the above account due from J. J. Fretwell to me amounting to $2,304.64 to G. J. Meredith

to secure to said Meredith the sum of $2,390, the balance of the down payment to him of the nine acres of land this day conveyed to said Smith by said Meredith by contract.

"This 18th day of September, 1920.

"J. M. SMITH [L. S.]

"Witnesses:

"JOHN J. COKER,

"G. E. TAFT."

Smith made a deed to Fretwell of the 63.3 acres. The deed was sent to Mrs. Smith to renounce her dower. This she refused to do, and when the deed was returned to Griffin, the agent of Fretwell, Griffin declared the trade off and put the deed in the fire. The judgment was for the plaintiff. The defendant appealed.

I. The first question in the case is, Is the statement furnished by Fretwell to Smith an account stated? The account is an account stated, even judged by appellant's statement of the law. In appellant's argument we find:

"An account stated implies some previous transaction or indebtedness between the parties, and, as stated in the case of *Wakefield v. Spoon,* 100 S. C., 106; 84 S. E., 418, 'The essence of the account is (1) that the account be actually stated, and (2) that the parties thereto shall agree expressly or impliedly that it is a true statement and is due to be paid then or at some other specified time.'"

The account was actually stated, and both Fretwell and Smith actually agreed that the sum therein stated would be due on January 1, 1921.

II. The next question is, Did his Honor, the trial Judge, err in refusing to direct a verdict for the defendant? The answer to that question is he did not. The defendant claimed that there was a secret agreement between himself and Smith, that the statement was based upon the condition that Smith would convey the land to him, and that Smith's deed was void for the want of a renunci-

ation of the dower of Mrs. Smith. There was evidence that Fretwell knew the account had been assigned to Meredith; that he had paid a portion and had promised to pay the balance to Meredith as soon as he sold his cotton. The stated account stated, "Credit by sale of 63.3 acres." "Balance due to J. M. Smith, January 1, 1921, $2,304.65." These statements were absolute.

There was evidence that while Mrs. Smith died within ten days after the deed had been destroyed, Fretwell made no effort to get a new deed which was not subject to dower, and that Fretwell went into possession of the land and rented it to tenants and farmed it.

III. The next assignment of error is that his Honor erred in charging the jury as to the validity of the Smith deed. If we concede that his Honor was in error, it is an error of which the appellant cannot complain, as it was entirely favorable to the appellant.

IV. The last error complained of was that his Honor erred in speaking of an "account" instead of "an account stated." The issue pressed was as to an account stated, and the jury could not have been misled.

The judgment appealed from is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.