**Richard MENIN, a minor, by and through his father and next friend, Barry Menin, and Barry Menin, Individually, Plaintiffs-Appellants,**

v.

**Norwood WILNER, a minor, Defendant-Appellee.**

No. 28127

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

James L. Hurley, Reginald M. Hayden, Jr., Miami, Fla., for plaintiffs-appellants.

Don R. Livingstone, Dean, Adams, George & Wood, Richard B. Adams, Arthur Roth, Miami, Fla., for defendant-appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM.

This is a sad and unfortunate case in which a young man was seriously

injured while boating with a friend. The injury to appellant, Richard Menin, was incurred when a small pleasure boat, owned and piloted by appellee, Norwood Wilner, was passing under a low bridge at a speed of approximately sixteen miles per hour.[1] Appellant brought suit in the district court, alleging that his injury was the proximate result of appellee's negligent operation of the boat and negligent failure to warn appellant of the low bridge. The case was tried to the court under its admiralty jurisdiction.

The district judge, faced with conflicting evidence, found that appellee was a qualified boat operator prior to this event; that appellee failed to exercise due care in not warning appellant of the imminent approach of the low bridge; that appellant was entirely familiar with the waterway and the bridge; that shortly before the approach of the bridge, appellant had moved forward in the boat and that the bridge was in plain view at that time; that appellant, with complete inattentiveness, stood up in the boat with his back to the bridge at almost the exact time that the boat reached the bridge; and that appellant received grievous injuries as a result of the blow he received when his head came into contact with the bridge.

The district court's conclusions of law included the following: Appellee was negligent in the operation of the boat and his negligence was a proximate cause of injury and of the damages sustained by appellant; appellant was negligent in failing to exercise reasonable care for his own safety and his negligence was a concurring proximate cause of his injury and of the damages sustained by him; contributory negligence in admiralty law is not a complete bar to recovery but only mitigates damages; appel-

lee's percentage of fault was fifteen per cent; appellant's percentage of the fault was eighty-five per cent; and damages sustained were in the amount of $125,-000. The judgment awarded appellant $18,750, which was fifteen percent of the total amount of damages sustained.

Appellant makes three complaints on appeal: (1) The trial court erred in finding appellant contributorily negligent; (2) assuming that appellant could be found to have been contributorily negligent, the trial court erred in finding that appellant was eighty-five percent at fault and that appellee was only fifteen percent at fault; and (3) the trial court erred in its assessment of only $125,000 in damages. All three complaints relate to questions of fact; essentially, appellant seeks to retry his case on appeal. This he cannot do.

■■ This Court will not substitute its judgment for that of the trial court where there is substantial credible evidence to support the trial court's findings. Of course, we may reverse the lower court's findings as being clearly erroneous when "the force and effect of the testimony considered as a whole convinces that the finding * * * does not reflect or represent the truth and right of the case," Sanders v. Leech, 5th Cir. 1946, 158 F.2d 486, or when we are left "with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Company, 1948, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746. After a careful review of the record we can only conclude that there was substantial evidence to support the trial court's findings and that these findings therefore are not clearly erroneous.

It would serve no useful purpose to detail the evidence presented in the court below. Suffice it to say that the principal testimony came from the two

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the par-

ties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

actors at the unfortunate event, the appellant and appellee. The testimony of the two young men coincided in some important aspects: For example, their familiarity with the waterway and the low bridge, and the fact that appellant moved forward in the boat just before the mishap occurred. Considering the testimony of the witnesses and the physical evidence presented (such as the height of the bridge and the respective heights of appellant and appellee), the district court could have reasonably reached the conclusions he did. It is true that there was conflicting evidence on some important aspects of the case, but it is the duty of the trial court to weigh and decide on the conflicts and this Court cannot overrule him unless he was clearly erroneous in the conclusions he reached. Since we find that the trial judge's findings were not clearly erroneous, the judgment of the district court is

Affirmed.