0497

SOUTHERN WELDING WORKS, INC., Respondent/Appellant, v. K & S
CONSTRUCTION COMPANY, Appellant/Respondent.

(332 S. E. (2d) 102)

Court of Appeals

*Frank S. Potts*, of *Lewis, Lewis, Bruce & Truslow*, of Columbia, *for appellant/respondent.*

*G. Trenholm Walker*, of *Wise & Cole*, of Charleston, *for respondent/appellant.*

Heard Feb. 20, 1985.

Decided June 11, 1985.

BELL, Judge:

These cross appeals arise from an action on an account stated. Southern Welding Works sued K & S Construction Company for services and materials furnished in connection with the repair of an internal lift pump at a private waste water treatment plant in Dorchester County. K & S, the owner of the plant, denied liability, alleging the repairs were negligently performed. The jury returned a verdict of $7,520.80 for Southern. K & S appeals, alleging errors in the selection of the jury and in the exclusion of certain testimony. Southern cross appeals from the denial of its claim for prejudgment interest. We affirm.

## I.

Southern argues the appeal should be dismissed because K & S's exceptions violate Rule 4, Section 6 of the Rules of the Supreme Court. The exceptions are in plain violation of the rule, because they fail to contain a complete assignment of error. However, we elect to consider those issues which are reasonably clear from K & S's argument and which were ruled on by the trial court. *See Ramage v. Ramage,* 283 S. C. 239, 322 S. E. (2d) 22 (Ct. App. 1984); *Bartles v. Livingston,* 282 S. C. 448, 319 S. E. (2d) 707 (Ct. App. 1984); *Perkins v. Parkins,* 279 S. C. 508, 309 S. E. (2d) 784 (Ct. App. 1983).

## II.

The principal issue before us is whether K & S was denied its statutory right to four peremptory challenges in striking the jury. *See* Section 14-7-1050, Code of Laws of South Carolina, 1976.

The case was set for trial on September 21, 1982. After the venire had been seated, the circuit judge conducted *voir dire* by asking the usual statutory questions. At the conclusion of the court's examination, Southern moved to have certain additional questions asked. Among these was whether the jurors personally knew Everett Knight, the president of K & S and a proposed witness in the case. Without objection

from K & S, the judge granted Southern's request and asked the additional questions. None of the jurors responded affirmatively to the question regarding personal knowledge of Everett Knight. At the conclusion of the additional examination, the judge asked counsel for K & S if there was anything further on *voir dire*. Counsel answered in the negative.

Everett Knight arrived in the courtroom just prior to striking the jury. At the request of counsel for K & S, the court permitted a brief recess so counsel could confer with Knight about the jury list before the jury was struck. It is conceded the jury list was available to Knight and K & S before the day of trial. Counsel conferred with Knight. He then informed the court he was ready to strike the jury. The jury was struck. The judge then asked counsel if there was anything further before the jury was sworn. Counsel for K & S stated there was nothing further.

After the jury was sworn, but before the commencement of the case, two jurors advised the Clerk of Court that when Knight entered the courtroom they recognized him as a person they knew. Upon learning this fact, the circuit judge permitted counsel to examine both jurors under oath for potential bias. At the conclusion of this additional *voir dire*, the judge ruled that both jurors were qualified to serve. No appeal is taken from that ruling. However, counsel for K & S did object to the seating of the two jurors on the ground that Knight had "a problem" with them and would have struck them had they acknowledged they knew him before the jury was struck. In response to this objection, the circuit judge permitted each side one additional peremptory strike. Southern waived its additional strike. K & S used its additional strike to challenge one of the jurors who knew Knight. The judge then seated an alternate juror and the case proceeded to trial.

K & S argues that the procedure employed by the circuit judge denied it the right to exercise four peremptory strikes in selecting the jury. Since K & S in fact exercised five peremptory strikes, the argument is actually an assertion that it would have exercised its strikes differently if it had known the two jurors knew Everett Knight.

Irregularities in the empanelling of the jury will not constitute reversible error unless it affirmatively appears that the objecting party was prejudiced thereby. Section 14-7-1140, Code of Laws of South Carolina, 1976; *Smith v. Oliver Motor Co.*, 174 S. C. 464, 177 S. E. 791 (1935); *Graham v. Columbia Ry., Gas & Electric Co.*, 103 S. C. 468, 86 S. E. 952 (1915). Moreover, all objections to jurors, if not made before the juror is empanelled, are deemed waived. Section 14-7-1030, Code of Laws of South Carolina, 1976; *State v. Williams*, 266 S. C. 325, 223 S. E. (2d) 38 (1976); *Altman v. Efird Bros. Co.*, 180 S. C. 205, 185 S. E. 543 (1936). If objection is made after the jury has been empanelled, the objecting party must show that he could not, in the exercise of due diligence, have discovered the ground for objection before the jury was empanelled. *Smith v. Oliver Motor Co., supra; Senterfeit v. Shealy*, 71 S. C. 259, 51 S. E. 142 (1905).

K & S has failed to show any prejudice from the seating of the juror who knew Knight. After permitting extensive *voir dire* by counsel, the circuit judge found the juror was impartial and refused to disqualify him. No objection was made to that ruling. In the absence of prejudice to K & S, it was not reversible error to seat the juror.

Moreover, we find no denial of the right to exercise peremptory challenges. Knight had "problems" with the two jurors because they lived in a residential subdivision where one of his companies had built houses. Apparently, he had also discussed building a house for one of the jurors some sixteen years before trial, but had decided against taking the job. Neither juror was well acquainted with Knight or had any discernible personal bias against him.

If the facts upon which counsel subsequently based his objection were important to K & S in deciding how to exercise its peremptory challenges, K & S had the means available to ascertain those facts before the jury was empanelled. Counsel for K & S submitted no additional questions to the court before or during *voir dire*, although the record clearly shows he was given the opportunity to do so. Moreover, the facts upon which K & S later grounded its objection were either known to Knight or, in the exercise of

due diligence, could have been discovered before the jury was empanelled. It is inferable from the record that if Knight had arrived in court on time, he would have recognized the two jurors he found objectionable and could have exercised peremptory challenges to strike them. In any case, the jury list contained sufficient information to permit discovery of the facts upon which Knight afterwards claimed to base his objection. Where a party fails to make use of the means available to him to ascertain the qualifications of each juror, he should not afterward be permitted to take advantage of his own negligence. *Mew v. Charleston & Savannah Ry. Co.*, 55 S. C. 90, 32 S. E. 823 (1899).

### III.

K & S also argues that the trial judge erred when he refused to permit Knight to be recalled as a witness.

Southern presented testimony that the repairs to the pump had been properly performed and the work had been accepted by K & S. When an expert witness for K & S admitted during cross examination he had only examined the pump within three days before trial and could not verify its condition in May 1979 when the repairs were completed, K & S recalled Knight as a witness. Counsel for K & S stated Knight would testify the condition of the pump had not been altered from the time of the repairs until the time of trial. The trial judge refused to permit the testimony because Knight had previously testified he did not have general day-to-day supervision and control of the plant where the pump was located, but simply visited about "once every two weeks." Knight also testified he was not familiar with what went on when Southern did the repairs to the pump and that he was unsure when he had observed the pump in the three months after the repairs were done.

The admission of evidence is largely within the discretion of the trial judge. His decision will not be reversed on appeal unless it appears he clearly abused his discretion and the objecting party was prejudiced thereby. *Cudd v. John Hancock Mut. Life Ins. Co.*, 279 S. C. 623, 310 S. E. (2d) 830 (Ct. App. 1983). In this instance we find no abuse of discretion. There was a reasonable basis for the trial judge to conclude the witness was not competent to

give the proffered testimony. He therefore properly excluded it.

## IV.

The final issue is whether Southern was entitled to prejudgment interest on its claim.

Prejudgment interest is allowed on liabilities to pay money from the time when, either by agreement of the parties or operation of law, the payment was demandable, if the sum is certain or capable of being reduced to certainty. *Ancrum v. Slone,* 29 S.C.L. (2 Speers) 594 (1844). Under this rule, interest is allowable on an account stated. *Id.; cf.* Section 34-31-20(A), Code of Laws of South Carolina, 1976, as amended. The right of a party to prejudgment interest is not affected by rights of discount or setoff claimed by the opposing party. *Robert E. Lee & Co. v. Commission of Public Works of the City of Greenville,* 248 S. C. 92, 149 S. E. (2d) 59 (1966); *Tappan v. Harwood,* 29 S.C.L. (2 Speers); 536 (1844). It is the character of the claim and not of the defense to it that determines whether prejudgment interest is allowable. *Robert E. Lee & Co., supra; City of Seattle v. Dyad Construction, Inc.,* 17 Wash. App. 501, 565 P. (2d) 423 (1977).

In this case, we discern no error in the circuit judge's refusal to add interest to the judgment. Although Southern pleaded an account stated, it apparently failed to prove the elements of an account stated at trial. The essential elements of an account stated are (1) that the account is actually stated; and (2) that the parties either expressly or impliedly agreed that it is a true statement and is due to be paid then or at some other specified time. *Wakefield v. Spoon,* 100 S. C. 100, 84 S. E. 418 (1915). Southern proved the account was actually stated. However, in its answer K & S specifically denied the parties ever agreed it was a true account. Consequently, the burden was on Southern to prove agreement to the account as stated. In the record before us there is no evidence that K & S expressly or impliedly agreed there was at any specified time due to Southern the sum of money specified in the account. Likewise, we find no evidence that the parties agreed to a con-

tract price for the repairs before they were performed. Accordingly, prejudgment interest was properly disallowed. The judgment of the circuit court is

Affirmed.

SANDERS, C. J., and SHAW, J., concur.