935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry DODGEN, III, Plaintiff-Appellant,
v.
Julian TIMMONS, Defendant-Appellee,
and
The South Carolina Department of Highways and Public
Transportation, Houseboat Corporation of America,
Defendants.
 No. 90-3085.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1991.
Decided June 14, 1991.
 
 1
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Karen L. Henderson, District Judge. (CA-88-1945-3-16)
 
 
 2
 Donald Edward Jonas, Jonas and Wiggins, Columbia, S.C., for appellant.
 
 
 3
 Richard Carson Thomas, Barnes, Alford, Stork & Johnson, Columbia, S.C., (argued) for appellee.
 
 
 4
 R. Lewis Johnson, Barnes, Alford, Stork & Johnson, Columbia, S.C., on brief.
 
 
 5
 D.S.C.
 
 
 6
 AFFIRMED.
 
 
 7
 Before CHAPMAN, Senior Circuit Judge, BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, Sitting by Designation.
 
 BOYLE, District Judge:
 
 8
 Plaintiff appeals from an award of damages in this admiralty case tried by the court without a jury. Plaintiff claimed damages from the defendant for his personal injuries arising out of a maritime accident. At the time of the event in suit, plaintiff was a passenger in a pleasure boat operated by the defendant.
 
 
 9
 Applying the doctrine of comparative negligence, the court determined that both plaintiff and defendant were at fault and made an adjusted damage award of $10,036.28.
 
 
 10
 The plaintiff has appealed from this award claiming that there is reversible error in the trial court's application of the burden of proof standard, and in the court's allocation of comparative fault, and finally in the court's determination of the appropriate level of damages.
 
 
 11
 We find no merit in any of these grounds of appeal and therefore affirm.
 
 
 12
 * On July 26, 1987, Julian Timmons hosted a day-long cruise for some friends aboard his houseboat on Lake Wylie, which extends along the borders of North and South Carolina. Jerry Dodgen was one of the guests on board.
 
 
 13
 As the trip began, Timmons pulled the boat out of its slip and headed south towards the Buster Boyd bridge. The bridge is a significant fixture on the south end of the lake. From the outset of the trip, the bridge was a prominent obstacle in the path that the boat was traveling.
 
 
 14
 The space between the boat's rooftop deck and the bottom of the bridge was approximately five feet. As the boat approached the bridge, travelling at approximately 2 miles per hour, Dodgen and a companion climbed to the rooftop deck and remained there. The ladder which Dodgen climbed to reach the top deck was located at the back of the cabin, forcing him to face the front of the boat and the approaching bridge as he climbed onto the deck. Based on these facts, the court found that the bridge was a clear and obvious danger which appellant saw or should have seen in the exercise of reasonable care for his own safety.
 
 
 15
 After plaintiff reached the top deck, he turned towards the back of the boat and sat down. Dodgen and his companion were the only passengers on the top deck. As the boat began to go under the bridge, Dodgen stood and started to take off his shirt. While doing so, Dodgen's head struck the bridge, and he fell to the lower deck. His companion, who was seated next to him, safely cleared the bridge. Plaintiff suffered injuries to his lower leg and ankle as a result of the accident.
 
 
 16
 The court held that Timmons was negligent in failing to provide for the safety of those who might be on the top deck before proceeding under the bridge. The court also held Dodgen to have been negligent in failing to exercise reasonable care to protect himself from injury. Dodgen was familiar with the lake, had been under bridges on the lake before, and he could not reasonably have failed to see the approaching bridge.
 
 II
 
 17
 Plaintiff brings forward a claim of error on the grounds that the trial court failed to apply a burden-of-proof rule set out in the case The Pennsylvania, 86 U.S. 125 (1874). The rule of this case provides for a prima facie showing of negligence in an admiralty action where the plaintiff proves that the defendant has violated a water safety statute. Whether or not the trial court applied the burden-of-proof rule from The Pennsylvania case is immaterial to this appeal and could not be the basis for a reversal since the court decided the negligence issue in the plaintiff's favor on the plaintiff's primary claim against the defendant. The plaintiff's dilemma arises not from the misapplication of a burden-of-proof rule with respect to the plaintiff's claim, but rather from the fact that the court found from the evidence that the defendant had also proved negligence on the part of the plaintiff. This assignment of error is without merit.
 
 III
 
 18
 Plaintiff-appellant next appeals the finding that he was negligent and that this negligence was 65% of the cause of his injuries. He asserts that he did not see the bridge, and that he was under no duty to be on guard for any dangers.
 
 
 19
 A boat passenger must exercise reasonable care for his own safety, and must avoid the obvious danger of low bridges. Menin v. Wilner, 424 F.2d 1058, 1059 (5th Cir.1970). In Menin, the appellant struck a bridge when he stood up just as the pleasure boat that he was on went under the bridge. As in the present case, the appellant in Menin claimed that he never saw the bridge. The Fifth Circuit Court of Appeals affirmed the trial court's finding that the passenger was comparatively negligent for failing to exercise reasonable care for his own safety. Based on the passenger's comparative negligence, the court reduced his recovery by 85%.
 
 
 20
 The trial court found that the Buster Boyd bridge was a clear and visible danger, and that "had [Dodgen] been in the least alert the morning of his injury, he would have observed that the boat was approaching the bridge." This finding is clearly supported by the evidence in the case. This evidence included appellant's familiarity with the lake and its bridges, the large nature of this bridge, the path of the boat in relation to the bridge, the slow speed of the boat, the loud traffic noises coming from the bridge as the boat approached it, the fact that the ladder to the top deck was positioned in a manner that would have forced appellant to face the bridge, and the close proximity of the bridge when appellant climbed onto the deck.
 
 
 21
 Dodgen was under a duty to act in a reasonable and prudent manner for his own safety. His decision to go to the rooftop deck as the boat approached the bridge and to stand while passing under the bridge was negligent and this negligence proximately caused his injury. Given the weight of the evidence, the finding that Dodgen was negligent is not erroneous.
 
 
 22
 This finding, in turn, supports the apportionment of liability. It is for the court to decide the respective share of causation as between the misconduct of plaintiff and defendant in assessing the comparative fault of these parties. The court did this based on the evidence and we are not prepared to alter this factual determination by the court. In the Menin case, supra, the court reduced the plaintiff's award by 85%. The trial court's apportionment of fault must be given deference unless clearly erroneous.
 
 IV
 
 23
 Appellant's final contention is with the size of the damage award. The court awarded $10,000 for appellant's pain and suffering, loss of enjoyment of life, and future medical costs.
 
 
 24
 Appellant argues that his injuries merit greater compensation. His injuries include an angulated, bowed right leg that is 3/8" shorter than his left leg. Appellant claims that surgery will be required to correct this, and a new pair of orthopaedic shoes will be needed each year.
 
 
 25
 A trial court's determination of damages will not be disturbed unless clearly erroneous. Loc-Wood Boat & Motors, Inc. v. Rockwell, 245 F.2d 306, 311 (8th Cir.1957). The amount of damages awarded is well supported by the record. With regard to the need for surgery, appellant's own doctors have advised against this surgery, and there is no indication that it will become needed in the future. His physicians recommend that he instead wear a simple 3/8" lift in his right shoe to compensate for the angulation of his leg. In the three years between the accident and the trial, appellant had yet to use or even acquire such a lift. As for the orthopaedic shoes, at the time of trial appellant also had yet to purchase or wear such shoes.
 
 
 26
 Plaintiff also claims that he should have recovered punitive damages on these facts. Punitive damages are appropriate in maritime tort actions where the defendant's actions were intentional, deliberate, or so wanton and reckless as to demonstrate a conscious disregard for the rights of others. Muratore v. M/S Scotia Prince, 845 F.2d 347, 354 (1st Cir.1988). Plaintiff claims that Timmons was reckless in consciously failing to warn the passengers that they should refrain from standing as they went under bridges. Timmons testified that he did not know of this danger, and also did not know that anyone was on the deck as he approached the bridge. The trial court accepted this testimony, finding that Timmons was merely negligent and not reckless. Nothing before this court indicates that this ruling is erroneous.
 
 
 27
 Finally, appellant argues for an award of prejudgment interest. The right to prejudgment interest in federal court is governed by the law of the forum state. United States Life Ins. v. Mechanics & Farmers Bank, 685 F.2d 887, 897 (4th Cir.1982). Under South Carolina law, prejudgment interest may be allowed if the amount of liability was certain or capable of being reduced to certainty. Southern Welding Works, Inc. v. K & S Constr. Co., 286 S.C. 158, 164, 332 S.E.2d 102, 106 (Ct.App.1985). Because the amount of the damages here was neither certain nor capable of being reduced to a certainty until the filing of the district court's decision, the court properly ruled that Timmons was not liable for prejudgment interest.
 
 
 28
 AFFIRMED.