**STATE of Missouri, Plaintiff-Respondent,**

v.

**Harvey Glenn WARREN, Defendant-Appellant.**

**No. 9098.**

Springfield Court of Appeals, Missouri.

July 8, 1971.

Zane H. White, Rolla, for plaintiff-respondent.

Jay V. White, Rolla, for defendant-appellant.

TITUS, Presiding Judge.

A jury in the Circuit Court of Phelps County returned a verdict on February 25, 1970, finding defendant guilty of the first offense misdemeanor of operating a motor vehicle while in an intoxicated condition and assessed "his punishment at $250.00 fine and 60 days in jail." § 564.440(1).[1]

---

1. Statutory references are to RSMo 1969, V.A.M.S.; references to rules are to Missouri Supreme Court Rules of Criminal and Civil Procedure, V.A.M.R.

Subsequent to developments detailed anon, sentence and judgment were rendered according to the verdict on November 4, 1970, and defendant appealed.

Defendant did not receive nor did he apply for an extension of time to file his motion for new trial. Therefore, it was required that the motion "be filed before judgment and within ten days after the return of the verdict." Crim. Rule 27.20(a); State v. Cantrell, Mo., 403 S.W.2d 647, 649(1). On March 3, 1970 (verdict plus six days), defendant filed a "Motion for New Trial." Fourteen days after the verdict (March 11, 1970) defendant filed an "Amended Motion for New Trial" and on July 6, 1970 (117 days after the "amended" motion was filed), he filed a "Motion to Set Aside Order Overruling Defendant's [Amended] Motion for New Trial." The trial court did not rule any of these motions.

■ Although the March 3 motion was timely, it was "deemed denied for all purposes" by operation of law when it was "not passed on within ninety days" after it was filed or on June 1, 1970. Crim. Rule 27.20(b); State v. Grant, Mo., 380 S.W.2d 799, 803(5). Defendant has not enounced in his appeal brief any of the alleged trial court errors complained of in the motion. Consequently, nothing contained in the March 3 motion is for determination here as we will not consider any "allegations of error asserted in the motion for new trial which are not briefed" because such unbriefed averments are "deemed waived or abandoned." Crim. Rule 28.02; State v. Lay, Mo., 427 S.W.2d 394, 403(12).

■ Defendant's brief contains the lone "point" that the trial court "erred in failing to give [him] a hearing and permit [him] to present evidence in support of allegation No. 1 of his amended motion for new trial, and failed to rule on said

* * * amended motion for new trial, and [his] motion to set aside order overruling defendant's [amended] motion for new trial."[2] Allegation "No. 1" of the "amended motion" consists of a first-time assertion that a new trial was warranted because one of the jurors did not reveal on voir dire examination his prejudice against the defendant resulting from a complaint the juror had once lodged with the police charging defendant "with disturbance of the peace and disorderly conduct while intoxicated." However, "allegation No. 1" does not state when defendant or his counsel first learned of the juror's alleged misconduct. When the claim of a juror's misconduct is confined to the motion for new trial, then an averment that knowledge of this character first came after submission of the case to the jury is required if the motion is to be effective, for if the misconduct of the juror was known prior to submission and was not then called to the court's attention, the objection comes too late when made for the first time in the motion for a new trial. State v. McVey, Mo., 66 S.W.2d -857, 859(7–9); State v. Robbins, Mo.App., 455 S.W.2d 24, 27–28(11).

■ Civil Rules 83.05(a) (3) and (e) are made applicable to criminal cases by Crim. Rule 28.18 (State v. Conner, Mo., 391 S.W.2d 335, 337–338), and the "point" in defendant's brief does neither honor to the rules nor preserves anything for review because it does not state "wherein and why" the trial court's actions or inactions were wrong. Evans v. State, Mo., 465 S.W.2d 500, 502(1); Chambers v. Kansas City, Mo., 446 S.W.2d 833, 841(14). But irrespective of the content deficiencies of defendant's "point" and the "amended" motion for new trial, the simple fact is that the "amended" motion was filed fourteen days after verdict or four days out of time. The provisions of Crim. Rule 27.-20(a) relating to the time for filing the

---

2. Since the trial court did not make an order overruling the "amended" motion for new trial, it would be most difficult to convict the court of error for failing to set aside an order it never made.

new trial motion are mandatory [State v. Tucker, Mo., 451 S.W.2d 91, 92(1) ], and albeit the subject of late filing may not be raised, we are bound to consider the matter sua sponte since neither the parties nor the court can waive the requirements of the rule. State v. Rapp, Mo., 412 S.W.2d 120, 122(2). Not having been filed within the time required by Crim. Rule 27.20(a), defendant's "amended" motion for a new trial was a nullity and preserved nothing for consideration by this court. State v. Mucie, Mo., 448 S.W.2d 879, 890(16), cert. den., 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed. 2d 271; State v. White, Mo., 439 S.W.2d 752, 753(1); State v. Crow, Mo., 388 S. W.2d 817, 819(1, 2), cert. den., 383 U.S. 914, 86 S.Ct. 901, 15 L.Ed.2d 668; State v. Small, Mo., 344 S.W.2d 49, 54(4). Also, because the "amended" motion was a nullity, the trial court was not obliged to rule it or give defendant a hearing on it. The judgment is affirmed.

STONE and HOGAN, JJ., concur.