**STATE of Missouri, Respondent,**

v.

**Merle Leon PALMER, Appellant.**

**No. 10761.**

Missouri Court of Appeals,
Southern District,
Division One.

May 24, 1979.

Phillip A. Glades, Joplin, for appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

A jury found defendant guilty of assault with intent to do great bodily harm without malice aforethought and he received a sentence of five years' imprisonment. Defendant appeals.

Defendant's sole "point relied on" is that he was entitled to a new trial because of jury misconduct and that the trial court erred in failing to grant that relief. This claim of error was assigned initially in defendant's motion for new trial.

The alleged misconduct consisted of a juror making an unauthorized inspection of the yard of the house where the offense occurred. Defendant claims that the inspection took place after the close of the first day's session of the two-day trial and that the juror, on the second day (and prior to the return of the verdict) discussed the results of the inspection with at least one other member of the jury.

The only testimony concerning the alleged misconduct came from the juror who made the inspection. The state objected to the testimony on the ground that the juror lacked competency to impeach the verdict. The trial court received the evidence "subject to the objection" but made no express ruling thereon. The trial court denied the motion.

The briefs of the parties devote considerable attention to the issue of the competen-

cy of the juror to impeach the verdict.[1] That issue need not be decided for the reason that the point has not been preserved for appellate review.

"Where a claim of misconduct on the part of a juror is first presented in a motion for new trial, 'an affirmative showing must be made that defendant and his counsel were ignorant of the fact until after the trial.' *State v. Reeder*, 394 S.W.2d 355, 357[1] (Mo. 1965). This record contains no such showing. The point has not been preserved for appellate review. *Reeder,* supra; *State v. Turley*, 452 S.W.2d 65, 69[8] (Mo.1970); *State v. Maples*, 96 S.W.2d 26, 30[13] (Mo. 1936); *State v. McVey*, 66 S.W.2d 857, 859[7–9] (Mo.1933); *State v. Warren*, 469 S.W.2d 662, 663[2] (Mo.App.1971); *State v. Robbins*, 455 S.W.2d 24, 27[7, 8] (Mo.App. 1970)." *State v. Bollinger*, 560 S.W.2d 606, 608[3] (Mo.App.1978).

Additional authorities to the same effect are cited marginally.[2] No such "affirmative showing" is in the instant record.

The judgment is affirmed.

TITUS, J., and CAMPBELL, BARKER and HENRY, Special Judges, concur.

---

1. "[T]he rule is well established that a jury speaks only through its verdict and that a juror will not be heard to impeach a verdict, whether the alleged misconduct occurred inside or outside the jury room. *State v. McDaniel*, Mo., 392 S.W.2d 310. In the same tenor is *State v. Beal*, Mo., 474 S.W.2d 830, that testimony by a juror as to misconduct is inadmissible to impeach the verdict." *State v. Foster*, 490 S.W.2d 659, 661[2] (Mo.App.1973).

2. *State v. McGee*, 336 Mo. 1082, 83 S.W.2d 98, 104[8] (1935); *State v. Vinson*, 503 S.W.2d 40, 41 (Mo.App.1973); *State v. Foster*, 490 S.W.2d 659, 661 (Mo.App.1973); *State v. Blair*, 280 S.W.2d 687, 689[2] (Mo.App.1955). See also 58 Am.Jur.2d 269 New Trial § 78.