STATE of Missouri, Respondent,

v.

L. C. DODSON, Appellant.

No. 40673.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 19, 1980.

Roy A. Walther, III, Crouppen, Walther, Zwibelman & Walsh, P.C., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals after his conviction by a jury on two counts of robbery first degree and armed criminal action. The jury assessed his punishment at five years on each robbery charge and seven years on the Armed Criminal Action. The court sentenced the defendant in accordance with the jury verdict making the robbery sentences run concurrently and the armed criminal action sentence run consecutively to the robbery sentences.

Three men accosted two employees of a Clark Service Station. They ordered them

inside where the robbery occurred. The three men left but were followed by one of the station employees. One robber split from the other two and he was apprehended by the station employee. This man was identified by both of the two employees as the defendant.

■ Defendant first contends that the court erred in striking a juror for cause because the defendant has a valid right to be tried before a particular jury.

The prosecuting attorney asked the following question: "Is there anyone who feels that, because of the nature of the charge or because of something that happened to you or your close family or friend, you could not be fair and could not decide the case on the testimony of the witnesses and the law which the court will give you?" Juror No. 559 responded affirmatively, stating that she had had her purse snatched and two brothers murdered. She stated that she could not be fair in this case and could not put that aside and reach a verdict upon what the witnesses said. The state and the defendant stated that they did not desire to challenge the prospective juror for cause. Over the defendant's objection, the court excused the juror.

■ Defendant's reliance upon *State v. Irving,* 559 S.W.2d 301 (Mo.App.1977) is misplaced. There the court said: "The right to be tried before a particular tribunal is a 'valued right.' The defendant has a significant interest in the decision whether or not to take the case from the jury when circumstances occur which might be thought to warrant a mistrial." *Id.* at 310. There, the court was talking about the granting of a mistrial on the court's own motion, not the excusing of a juror. Defendant is not entitled as a matter of right to have a particular person on the jury panel. *State v. Marshall,* 571 S.W.2d 768, 772 (Mo.App.1978). Even though the court is under no duty to strike a venireman on its own motion, *State v. Gamache,* 519 S.W.2d 34, 41 (Mo.App.1975), the court has

the authority to do so. *See State v. McWilliams,* 370 S.W.2d 336, 340 (Mo.1963). Further, the trial court is vested with discretion in determining the competence of prospective jurors. *State v. Williams,* 538 S.W.2d 947, 949 (Mo.App.1976).

Defendant next contends that the court erred in permitting the state in rebuttal to question the arresting officer as to whether or not the defendant had made a statement after being advised of his rights. The defendant maintains that the silence of an accused while under arrest is not admissible against him.

■ Here, the defendant took the stand and testified that the reason he had been walking in the alley behind the Clark station was that he was on his way back to his combined residence and barber shop. He stated that he told the police at the time they found him near the alley, that the attendant had shot at him and had started chasing him with a gun. Defendant further testified that the police "didn't do nothing" about his complaints and that thereafter he was escorted into the police car.

The state in rebuttal then put arresting Officer Jones back on the stand and asked him if defendant had been informed of his rights. He replied in the affirmative. Officer Jones was then asked if the defendant had made a statement to the effect that while coming up the alley behind the service station, he was fired at and then chased by the attendant. Defendant objected to the question claiming that the state cannot inquire of the defendant whether or not he made a statement and moved for a mistrial. The court overruled the objection and denied the request for mistrial. The officer replied that the defendant had not made such statement. The State reiterated: "He never told you that the attendant fired a shot at him?" Officer Jones replied: "No, sir."

■ While it is true that an accused's failure to volunteer an exculpatory state-

ment is not admissible as an admission; and that it may not be shown by his silence that he failed to deny or explain while under arrest an incriminating fact as to which no question was asked, *State v. Stuart*, 456 S.W.2d 19, 22 (Mo. banc 1970), these rules have no applicability here. The questions complained of here fall within proper impeachment. It was the defendant who first stated that he told the officers that the attendant had shot at him and chased him with a gun. *Doyle v. Ohio*, 426 U.S. 610, 619 n. 11, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

Affirmed.

DOWD, P. J., and CRIST, J., concur.